**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

July 29, 2024

Honorable Deborah K. Chasanow
United States District Court
 for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

   Re: *United States v. Johnathan Savoy*
     Crim. No. 8:11-cr-00418
     Violation Hearing- July 30, 2024 at 9:30 am

Dear Judge Chasanow:

 On July 30, 2024, Mr. Savoy will appear before the Court for a hearing on a petition alleging that he violated the terms of his supervised release. Mr. Savoy faces 3 alleged violations in Petition #1, dated May 21, 2024 (ECF 29).

 The first alleged violation is that Mr. Savoy failed to report for substance abuse treatment appointments on five separate occasions spanning from November 2023 to April 2024. The second alleged violation is that Mr. Savoy failed to report for drug testing on nine occasions spanning from November 2023 through May 2024. The final alleged violation is that Mr. Savoy tested positive for cocaine on August 27, 2023.

 During an initial appearance in this matter on June 3, 2024, Mr. Savoy was taken for drug testing at the direction of the court, wherein he was informed he tested positive for cocaine. The magistrate court detained Mr. Savoy pending placement in a 28-day inpatient treatment program at Avery Road. Mr. Savoy entered Avery Road for inpatient treatment on Friday, June 7, 2024 and successfully completed treatment on July 3, 2024.

 Since that time, he has obtained a mental health therapist on his own to address underlying trauma, with whom he has been meeting weekly. Mr. Savoy is also set to begin a new course of outpatient treatment on July 31, 2024 at the recommendation and direction of U.S. Probation Officer Maria Goodwater at Anne Arundel Counseling in Bowie, Maryland.

 Mr. Savoy is prepared to admit to missing multiple drug testing and substance abuse treatment appointments for which documentation has been provided by U.S. Probation, as

detailed in Violations #1 and #2, albeit with an explanation as detailed further below. Furthermore, Mr. Savoy is prepared to admit to Violation #3, violating Mandatory Condition #3 by testing positive for cocaine on August 27, 2023.

Mr. Savoy, U.S. Probation, and the government will jointly recommend that Mr. Savoy be continued on supervised release on the same conditions, with the goal of assisting him in maintaining his sobriety and reobtaining employment, which he unfortunately lost due to his participation in inpatient treatment recently at Avery Road.

I. **The violations should be classified as Grade C, and a sentence of time served and continuance on supervised release is appropriate.**

The violations are properly classified as a Grade C. When combined with Mr. Savoy's criminal history category of IV,[1] this results in an advisory guideline range of 6-12 months.

A sentence of time served with continuance on supervised release with substance abuse and mental health conditions is appropriate in this case in light of the following factors, among others: 1) the time Mr. Savoy served on this violation (5 days) together with his entrance into a 28-day inpatient treatment program at Avery Road; 2) his demonstrated commitment to addressing the root causes of addiction and trauma; and 3) his solid release plan incorporating ongoing mental health therapy and substance abuse treatment.

As the Violation Report indicates, Mr. Savoy was generally doing well on supervision for a significant period of time. At the time of his initial hearing, Mr. Savoy was employed and participating in outpatient treatment – albeit still quietly struggling with unresolved trauma and other stressors. Due to employment and other family obligations, he was unable to report on all dates for drug testing and for substance abuse counseling, as detailed further below.

In the case of drug testing, Mr. Savoy was enrolled in a color-code based system which required him to call every day after 6 pm to determine whether his color was indicated for drug testing the following day. At the time he was working as a supervisory flagger with a construction company, which often required him to leave at very early hours (e.g. 5 am) and travel far distances for contract projects, which would often mean he did not return until after the drug testing location was closed. His employer became increasingly unwilling to accommodate these last-minute requests. For several of the missed drug tests, he contacted both the program and his probation officer to request that they be rescheduled, but upon information and belief, they were unable to accommodate the request given the policy on random drug testing.

---

[1] While the U.S. Probation determined in the PSR for the underlying offense that Mr. Savoy qualified as a Career Offender and that his Criminal History Category was therefore a VI, the Government did not pursue Career Offender enhancements under the plea agreement. See ECF 8. The judgment issued by Judge Titus indicated that Mr. Savoy was a CHC IV (4) (SOR, ECF No. 18, p. 1).

Mr. Savoy faced similar challenges with respect to attending all substance abuse meetings. However, he attempted to communicate when work or life circumstances made his attendance difficult. Of note, he was still enrolled in the substance abuse program despite any absences and had not been discharged as of the filing of the petition.

Unfortunately, Mr. Savoy did ultimately lose his job as a flagger. However, he was eventually able to obtain alternative employment at Costco, where he was working at the time he appeared for his initial appearance in this case. However, as a result of his detention at the initial appearance for this VOSR and his subsequent prolonged absence while undergoing substance abuse treatment at Avery Road, he was terminated from the position at Costco. Upon completion of the program, Mr. Savoy was informed by the Costco Human Resources Department that he may reapply in 90 days. In the meantime, since his completion of treatment at Avery Road, Mr. Savoy has pursued a number of other positions and is hopeful to obtain new employment soon, all while continuing to participate in both substance abuse and mental health treatment.

As the Violation Report notes, Mr. Savoy was otherwise compliant with and making progress under the Probation Office's supervision. He had completed a course of substance abuse treatment previously and largely maintained employment throughout the course of supervision. His wife is employed as a U.S. postal worker and is very supportive of his sobriety. He is an active and involved stepfather to her two children as well. And as indicated, after his release from Avery Road, he personally pursued individual mental health therapy and is engaged in weekly therapy sessions to address underlying trauma and depression that contributes to and is a precursor for his substance abuse. Mr. Savoy has never before participated in individual mental health therapy with a focus on trauma and indicates that it has provided a critical outlet to address those issues.

Considering all of the circumstances detailed above and as will be detailed during the hearing, a sentence of time served with continued supervision and participation in intensive outpatient substance abuse treatment as well as ongoing mental health therapy, as recommended by all of the parties, is appropriate to address Mr. Savoy's violations.

Thank you very much for your consideration and I look forward to addressing the Court on July 30, 2024.

Sincerely,

//s//

Kathryn D'Adamo Guevara
Assistant Federal Public Defender

cc: AUSA Brooke Oki
Maria Goodwater, USPO